UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KIM MARIE MENTECKI,**

      Plaintiff,

      -vs-                                                                                                  Case No. 14-C-1110

**CAROLYN M. COLVIN, Acting**
**Commissioner for the Social Security**
**Administration,**

      Defendant.

## DECISION AND ORDER

Plaintiff Kim Marie Mentecki's attorneys, Thomas E. Bush and Meredith E. Marcus, seek an award of $17,843.50 in attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 28.) The Acting Commissioner does not oppose the motion. (ECF No 29.)

Section 406(b) provides, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable fee* for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. …" § 406(b)(1)(A) (emphasis added).

In September 2014, Mentecki executed a fee contract with Bush.

(Mot. Ex. A, ECF No. 28-1.) In accord with § 406(b), the agreement provided that should Mentecki prevail on appeal in federal court, her attorney had the right to request as his fee an amount equal to 25% of any past-due benefits she was awarded.

This Court entered an order approving the parties' stipulation and remanded the matter for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (ECF No. 19, 20, 21.) The $350.00 filing fee was taxed as costs against the Commissioner. (ECF No. 25.) Thereafter, the parties filed a joint stipulation for an award of attorney fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA). Pursuant to an Order approving the parties' stipulation, $4,700.00 in attorney fees was awarded to Mentecki's counsel. (ECF Nos. 19, 20, 25, 26.)

In June 2016, after post-remand proceedings, Mentecki was awarded more than $95,000 in past-due benefits. (Notice of Award, 2, ECF No. 28-2.) Twenty five percent of that amount—$17,843.50—was set aside by the Commissioner to pay Mentecki's attorney. (*Id.* at 3.) By a July 11, 2016, statement, Mentecki states that she agrees with the $17,843.50 attorney fee and believes it is reasonable. (ECF No. 28-6.) She further indicates that she understands she will receive a refund of $4,700—the amount of the fee paid to her attorneys under the EAJA.

The net fee award of $17,843.50 sought by counsel does not exceed 25% of Mentecki's past due benefits, and counsel states that the previously-awarded EAJA fees will be refunded to Mentecki after receipt of the attorney fees granted by this petition.

Section 406(b) "does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). The upper boundary is the 25% limitation set forth in the statute. Within that boundary, courts have "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808.

The requested fee award would result in an hourly rate of $681.30 per hour (the requested amount of $17,843.50 divided by 26.17 attorney hours worked on the case.) This amount exceeds Bush's hourly rate of $350; Marcus's hourly rate is not provided. However, the outcome of this action was extremely favorable to Mentecki. Counsel assumed the risk of not being paid for their efforts, which is part of the calculus when these types of agreements are negotiated. "The effective lawyer will not win all of

his cases, and any determination of the reasonableness of his fees in those cases in which his client prevails must take account of the lawyer's risk of receiving nothing for his services. Charges on the basis of a minimal hourly rate are surely inappropriate for a lawyer who has performed creditably when payment of any fee is so uncertain." *McGuire v. Sullivan,* 873 F.2d 974, 980 (7th Cir. 1989) (citation omitted). Under these circumstances, the requested fee award in this case is reasonable, and the Court will not upset the negotiated fee agreement.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The motion for attorney's fees (ECF No. 28) is **GRANTED**. Attorney Bush is awarded $17,843.50 in fees. Bush must refund the total EAJA fees of $4,700 to Mentecki.

Dated at Milwaukee, Wisconsin, this 5th day of August, 2016.

**BY THE COURT:**

s/ *Pamela Pepper*
for **HON. RUDOLPH T. RANDA**
**U.S. District Judge**