UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KIM MARIE MENTECKI,

      Plaintiff,

v.                                        Case No. 14-cv-1110-pp

CAROLYN W. COLVIN,

      Defendant.

**ORDER GRANTING SUPPLEMENTAL MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. §406(B) (DKT. NO. 31)**

On March 27, 2015, Judge Rudolph Randa approved the parties' stipulation for remand and remanded this case to the Social Security Commissioner under Sentence Four of 42 U.S.C. §405(g). Dkt. No. 20. The parties stipulated to an award of attorney fees under the Equal Access to Justice Act in the amount of $4,700, which Judge Randa approved on June 30, 2015. Dkt. No. 27. A year later, after receiving a fully favorable decision from the Commissioner on April 1, 2016, the plaintiff filed a motion for attorneys' fees under 42 U.S.C. §406(b)(1). Dkt. No. 28. This court signed an order on behalf of Judge Randa, granting the motion, awarding the plaintiff $17,843.50 in fees and instructing the plaintiff to refund the $4,700 in EAJA attorney's fees. Dkt. No. 30. The plaintiff since has filed a supplemental motion for $11,725.25 in attorneys' fees under 42 U.S.C. §406(b)(1), based on additional benefits paid to the plaintiff's children. Dkt. No. 31. The plaintiff's attorney requests a total fee of $29,568.75 (which includes the prior award of $17,843.50). Id. at 1.

1

The court will grant the motion and award the additional fees.

## I. Legal Standard

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees under 42 U.S.C. §406. "'Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration; § 406(b) controls fees for representation in federal court.'" Kopulos v. Barnhart, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. Id. at 661. Such fees are deducted from the claimant's benefits and do not constitute an award against the government. Id.

The court must approve any fee under §406(b). Congress did not intend such review to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

## II. Analysis

The plaintiff signed a contract with her attorney on September 11, 2014, agreeing to a 25% total fee for representation before the agency and the court. The second sentence of the fee contract stated:

> I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won.

Dkt. No. 28-1 at 1. The supplemental motion indicates that counsel makes it in accordance with that provision in the contract, and notes that the provision includes past-due benefits awarded to the plaintiff's "family" as well as to the plaintiff. Dkt. No. 31 at 2.

The government filed a response to the supplemental motion, indicating that while it has financial stake in the court's decision, the Commission plays something of a "trustee" role for a claimant in fee determination proceedings. Dkt. No. 34 at 2. In that role, the government expressed concern that the requested total award of $29,568.75 for a total of 26.17 hours worked amounted to an hourly rate of $1,129.87. Id. at 4. The government surveyed the law on such awards, discussing court assessments of the risks involved in contingency fee agreements, the mitigation of that risk from the EAJA fee and the difficulty in calculating an implied hourly rate in Social Security cases. Id. at 3-7. The government asserted that an hourly rate of $1,129.87 was "very high, albeit not unprecedented." Id. at 7.

The plaintiff's counsel responded that the government relied on Sixth Circuit law, which appears to rely on a lodestar calculation. Dkt. No. 35 at 1. Nothing that the Supreme Court had rejected the lodestar approach in 2002, the plaintiff's counsel urged the court to look at the factors enumerated in the Supreme Court's decision, Gisbrecht v Barnhart, 535 U.S. 789 (2002). Id. at 1-2. The plaintiff's reply brief walked through each of those factors, explaining in detail why the factor supported the fees the plaintiff's counsel is requesting. Id. at 5-9. The plaintiff's counsel also directed the court to one of the cases cited by the Commissioner, in which Judge Peterson in the Western District awarded

3

an effective hourly rate of over $1,000. Id. at 8-9 (citing Heise v. Comm'r, Case No. 14-cv-739 (W.D. Wis. Dec. 15, 2016) at 4-5.

Section 406(b) places two limitations on attorney's fee awards; a cap of 25%, and a reasonableness requirement. The award the plaintiff's counsel has requested plainly satisfies the first of those limitations; it does not exceed the 25% cap. The Commissioner's concern lies with the reasonableness of the fee.

The court agrees that an implied hourly rate of over $1,000 per hour is very high. The court has not conducted its own survey, but it suspects that such an implied hourly fee exceeds the norm for cases in this geographic area. But the government is correct that the rate is not unprecedented. Other judges in this district have declined to classify as "windfalls" awards resulting in implied hourly fees exceeding $1,000 when the attorneys have achieved favorable results while taking on the risk of a contingent-fee basis. See Peterson v. Colvin, No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015) (Stadtmueller, J., approving an award resulting in an implied hourly rate that exceeded $1,000, based upon performance and client approval); Kolp v. Colvin, No 12-CV-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015) (Randa, J., granting in full request for $30,757.23 award, equating to $1,118.44 hourly rate). When the plaintiff in this case signed the contract, she agreed to pay 25% of whatever past-due benefits were awarded to her family and to her. She has stated that she agrees to the supplemental fees and has asked the court to approve those fees. Dkt. No. 31. Ex. 1. And her counsel has obtained extremely favorable results—back benefits not only for the plaintiff, but for her children. For these reasons, the court will grant the motion for a supplemental award of fees.

### III. Conclusion

The court **GRANTS** the plaintiff's supplemental petition for attorney fee pursuant to §206(b)(1). Dkt. No. 31.

The court **AWARDS** the plaintiff's counsel the amount of $11,725.25 (in addition to the $17,843.50 fee awarded in this court's order dated August 5, 2016, dkt. no. 30, which already has been paid to counsel).

The court **ORDERS** the Commissioner to pay to Attorney Thomas E. Bush $7,025.25, the amount the Commissioner currently is holding for direct payment of attorneys' fees. As directed in the court's August 5, 2016 order, if counsel has not done so already, counsel shall refund the $4,700 in EAJA fees to the plaintiff.

Dated in Milwaukee, Wisconsin this 24th day of July, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**